IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY CARL HUERTA,

    Petitioner,                   No. CIV S-08-0075 WBS EFB P

    vs.

KEN CLARK, et al.,

    Respondents.               ORDER AND
                                            FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner, a prisoner without counsel, has filed a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

       Petitioner has filed a motion to stay the proceedings pending exhaustion of state court remedies. A prisoner who runs the risk of having the federal statute of limitations expire while he is exhausting his state remedies may avoid this predicament "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). The stay is not automatic; there must be good cause for it. In *Rhines v. Weber*, 544 U.S. 269 (2002), the U.S. Supreme Court discussed the stay-and-abeyance procedure. The *Rhines* Court cautioned district

1

courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 276-77. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id*. at 1535. Any stay must be limited in time to avoid indefinite delay. *Id*. Reasonable time limits would be 30 days to get to state court, as long as necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.*; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir.2003).

In his motion, petitioner states that he seeks a stay "so that he may fully exhaust the ineffective assistance of counsel claim." Mot. to Stay, at 4. Petitioner explains that his counsel "failed to perform certain duties that are known to just about any attorney." Mot., at 5. Petitioner has indicated that he needs a stay because a future habeas petition will be time-barred, but he has not provided the court with dates specific to that claim.[1] Petitioner has not explained why he failed to exhaust the claim, whether his unexhausted claim has merit, and that he is not intentionally delaying resolution of his constitutional claims. His request for a stay and abeyance should therefore be denied. The court will recommend that this denial be without prejudice to petitioner filing a new motion for a stay in which he provides the required information. In the motion, if he chooses to file one, he must inform the court why he seeks a stay (i.e., whether he contends that the statute of limitations is close to expiring and when), the nature of each and every claim he is attempting to exhaust in state court, why he has not yet

---

[1] Petitioner must be mindful of the statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

1  exhausted the unexhausted claims, whether his unexhausted claims are meritorious, and that he
2  is not intentionally delaying resolution of his constitutional claims.  The motion for a stay and
3  abeyance must be filed no later than thirty days from the date of this order.  In the alternative, if
4  petitioner chooses, he may return to federal court after he has exhausted his claims in state court
5  and file a habeas petition including all exhausted claims.
6      Accordingly, IT IS HEREBY ORDERED that petitioner's January 18, 2008, request to
7  proceed *in forma pauperis* is granted.
8      For the foregoing reasons, IT IS HEREBY RECOMMENDED that petitioner's January
9  24, 2008, motion to stay the proceedings pending exhaustion of state law claims be denied
10 without prejudice to the refiling of a new motion for a stay in which he shows good cause by
11 providing the required information.
12     These findings and recommendations are submitted to the United States District Judge
13 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days
14 after being served with these findings and recommendations, any party may file written
15 objections with the court and serve a copy on all parties.  Such a document should be captioned
16 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
17 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
18 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
19 DATED:  April 9, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE